John P. Fuller, Esq.
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Tel. (305) 891-5199
jpf@fullerfuller.com

Kara W. Edmunds, Esq.
Edmunds Law Firm
2280 Forest Avenue
Boulder, CO  80304
Tel. (303) 953-0863
kara@kwelaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| JOHN MEGGS, Individually, | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | Case No. 1:18-cv-2067 |
| INTERCONTINENTAL HOTELS GROUP | : | |
| RESOURCES, INC., a Delaware Corporation, | : | |
| | : | |
| Defendant. | : | |
| _____/ | | |

**COMPLAINT**

Plaintiff JOHN MEGGS, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., a Delaware Corporation,  (sometimes referred to as "Defendants"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the Colorado Anti-Discrimination Act ("CADA"), Colo. Rev. Statutes 24-34-60, et seq.

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12181, *et seq.***

1.      Plaintiff, JOHN MEGGS, is an individual residing at 1615 W. 207th St., Torrance, CA 91010, in the County of Los Angeles.

2.      Defendant's property, Crowne Plaza Denver Airport Convention Center, is located at 15500 East 40th Ave., Denver, CO 80239, in the County of Denver.

3.      Venue is properly located in the District of Colorado because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff JOHN MEGGS is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a paraplegic.  Mr. Meggs relies on a manual wheelchair for mobility.

6.      Mr. Meggs intends to regularly visit Denver, Colorado to visit with his life-long friend, Aubrey Taylor, to meet with his immediate family members who reside in Pueblo, Colorado, to attend Phish and other concerts at Dick's Sporting Goods Park, in conjunction with matters on behalf of The Independence Project, Inc., a disability organization, in which he is an active member, and to survey the area as a place he is considering relocating to in the near future.  Mr. Meggs has recently visited Denver, Colorado from August 30, 2017 to September 5, 2017, and from April 13-17, 2018, and from May 17-21, 2018.  Mr. Meggs is definitely returning to Denver, Colorado from August 30, 2018 through September 3, 2018 to attend the Phish concert at Dick's Sporting Goods

2

Park and to see his family and friend.

7.      Mr. Meggs was a guest of the subject hotel on April 15, 2018.  He intends to return to the facility as a hotel guest when the facility is made accessible for his use and enjoyment.  Mr. Meggs has encountered architectural barriers at the subject property.  The barriers to access at the subject property have endangered his safety.

8.      Defendant owns, leases, leases to (or operates) a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Crowne Plaza Denver Airport Convention Center, and is located at 15500 East 40th Ave., Denver, CO 80239.

9.      JOHN MEGGS has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  John Meggs desires to visit the subject property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.     The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26,

3

1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Crowne Plaza Denver Airport Convention Center has shown that violations exist. These violations that John Meggs personally encountered or observed include, but are not limited to:

### Parking

A.    Accessible parking spaces on the west side of the subject property contain improper level changes and slopes. These spaces are not located on an accessible route to enter the building and they lead to inaccessible doors which prevented Mr. Meggs from safely unloading from his vehicle and gaining access to the facility, violating ADAAG Sections 4.3, 4.6 and 4.13 as well as the 2010 ADAS.

B.    Accessible parking spaces on the north side of the subject property lack the required accessible route to the entry. There are islands, slopes and abrupt changes that impeded Mr. Meggs' ability to unload and enter the building, violating ADAAG Sections 4.3, 4.6 and 4.7 as well as the ADAS.

C.    Accessible parking spaces on the east side directly across from the Convention Center doors lead to a curb. The only ramp provided does not provide a proper level landing and gutters have excessive slopes. Parking spaces on the far side of the ramp from Convention Center doors, are located on slopes and are not located on the nearest, most direct route to the entry they serve. None of these parking spaces are located on an accessible route to enter the building and they lead to inaccessible doors with inoperable power openers, which prevented Mr. Meggs' access to the facilities violating ADAAG Sections 4.3, 4.6 and 4.13 as well as the 2010 ADAS.

D.    Accessible parking spaces on the south side contain improper slopes. These spaces are not located on an accessible route to enter the building with cross slopes leading to locked doors which prevented Mr. Meggs' safe unloading from his vehicle and access to the facilities, violating ADAAG Sections 4.3, 4.6 and 4.14 as well as the 2010 ADAS.

### Entrance Access and Path of Travel

E.    Curb ramps at the hotel lack a proper top and bottom landing, with excessive cross slopes on the routes to the entrances which endangered Mr. Meggs and violate ADAAG Section 4.7 and the 2010 ADAS.

F.       Cross slopes and changes of level exceeding limits impeded Mr. Meggs on the path of travel to and through hotel areas from the accessible parking, street, sidewalk and public transit violating Section 4.3 of the ADAAG and 2010 ADAS Sections 303, 304 and 403.

G.       Doors to various areas at the hotel fail to provide clear and level maneuvering clearances impeding Mr. Meggs ability to enter and traverse the building, violating ADAAG Section 4.3, 4.13 and 4.14 as well as 2010 ADAS Sections 402 and 404.

**Access to Goods and Services**

H.       The hotel fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

I.       Recreation areas are not compliant such that same lack access to the pool, shower, telephone, tables and emergency devices, which prevented use by Mr. Meggs and violate ADA accessibility requirements.

J.       Mr. Meggs could not access the lobby bar, business center, self-serve coffee and other areas located on routes violating ADAAG Section 4.3 and 2010 ADAS Section 402.

K.       Check-in, dining and work surface areas are inaccessible to Mr. Meggs, in violation of various ADAAG and 2010 ADAS requirements, which require him to seek assistance.

**Access to Recreation Area Unisex Restroom**

L.       Mr. Meggs could not access the unisex restroom water closet which lacks clear, level transfer space.  Furthermore, the restroom has an improper toilet paper dispenser and improper grab bars violating ADAAG Section 4.16 and 2010 ADAS Section 604, which conditions prevent their use by Mr. Meggs.

M.       Mr. Meggs could not exit the unisex restroom unaided due to obstructed maneuvering space at the door violating ADAAG Section 4.13 and 2010 ADAS Section 404.

N.       Mr. Meggs could not use the designated accessible unisex restroom lavatory which fails to provide knee space violating Section ADAAG 4.19 and 2010 ADAS Section 606.

O.     Mr. Meggs could not use the mirror or dispensers in the designated accessible unisex restroom which are mounted outside the ranges prescribed in ADAAG Sections 4.2, 4.16, 4.19 and 4.27 as well as Sections 302, 603.3 and 604 of the 2010 ADAS.

**Access to Common Area Restrooms**

P.     Mr. Meggs could not access the men's restroom stalls lacking required hardware.  Water closets have a wall-side flush and grab bars are improper, violating ADAAG Section 4.17 and Section 604 of the 2010 ADAS and preventing their use by Mr. Meggs.

Q.     Mr. Meggs could not use the men's restroom urinals, coat hooks and dispensers which are mounted beyond prescribed limits and mirrors are above 40" AFF violating Sections 4.2 and 4.19 of the ADAAG and 2010 ADAS Section 603.

R.     Restrooms with multiple urinals and stalls lack ambulatory stalls violating ADAAG Section 4.17 and 2010 ADAS Section 604.

S.     Mr. Meggs could not use designated accessible restroom lavatories and mirrors mounted above height limits in ADAAG Section 4.19 and 2010 ADAS Sections 603 and 606.

**Access to Guestroom # 220**

T.     Mr. Meggs could not use the provided desk which lacks required clear width to pull under the writing surface violating ADAAG Section 4.32 and 2010 ADAS Section 306.

U.     Mr. Meggs could not enter or exit the room or adjoining room without assistance as doors lack maneuvering space in ADAAG Section 4.13 and 2010 ADAS Section 404, resolution is readily achievable.

V.     Mr. Meggs could not transfer to or use the shower with no seat and the design violates ADAAG Section 4.21 as well as 2010 ADAS Sections 608 and 610.

W.     Mr. Meggs could not transfer to the water closet as the grab bars violate ADAAG Section 4.16 as well as 2010 ADAS Section 604.

X.     Mr. Meggs could not safely use the lavatory without pipe insulation and the mirror is mounted beyond limits in ADAAG Section 4.19 and 2010 ADAS Section 603.3 and 606.

Y.    Mr. Meggs could not use the coat hooks, shelves, iron, thermostat, curtain and light controls which are beyond reach and/or require gripping and twisting in violation of ADAAG Sections 4.2, 4.3, 4.27 and 9 as well as the ADAS.

**Maintenance**

Z.    The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

**Number and Dispersion of Wheelchair Accessible Guest Rooms**

AA.    The facility fails to provide the number of compliant disabled rooms for wheelchair users, including disabled rooms with roll-in showers as required by Section 224.2 of the 2010 Accessibility Standards, and fails to disperse same among the various classes of guest rooms, and provide choice of types of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests, as required by Standard 224.5.

12.    All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

13.    The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place

of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.   Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

16.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs,

28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

18.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject facility to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

e.    The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

## COUNT II
## VIOLATION OF COLORADO ANTI-DISCRIMINATION ACT ("CADA")
(Colo. Rev. Stat. § 24-34-601, *et seq.*)

19.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as fully set forth herein.

20.    Under the CADA:

It is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual or a group, because of disability . . , the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation[.]    Colo. Rev. Stat. § 24-34-601(2).

21.    Pursuant to the implementing state regulations, the CADA is "substantially equivalent to Federal law, as set forth in the Americans with Disabilities Act . . ." 3 CO ADC 708-1:60.1(B). The regulations further provide that "[w]henever possible, the interpretation of state law concerning disability shall follow the interpretations established in Federal regulations adopted to implement the Americans with Disabilities Act . . . and in the Federal case law interpreting the Americans with

10

Disabilities Act . . ." 3 CO ADC 708-1:60.1(C).

22.     As set forth above, Defendant has violated the CADA by denying individuals who use wheelchairs the full and equal enjoyment of the goods, facilities, services and accommodations of the Crowne Plaza Denver Airport Convention Center.

23.     Defendant's violations of the CADA have harmed Mr. Meggs and will continue to harm Mr. Meggs in the absence of the injunction sought herein.

24.     Mr. Meggs has been damaged and will continue to be damaged by Defendant's violations of the CADA.

25.     Any Person who violates Section 24-34-601 "shall forfeit and pay a sum of not less than fifty dollars nor more than five hundred dollars to the person aggrieved thereby . . ." Colo. Rev. Stat. § 24-34-602(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays:

A.     That this Court assume jurisdiction;

B.     That this Court issue an injunction ordering Defendant to comply with the ADA and the CADA;

C.     That this Court award monetary damages to Mr. Meggs to the maximum extent permitted;

D.     That this Court award Mr. Meggs' reasonable attorneys' fees, litigation expenses and costs;  and

E.     That this Court award such additional or alternative relief as may be just, proper and equitable.

F.       The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

Respectfully submitted,

/s/John P. Fuller
John P. Fuller, Esq.
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Tel. (305) 891-5199
jpf@fullerfuller.com

Kara W. Edmunds, Esq.
Edmunds Law Firm
2280 Forest Avenue
Boulder, CO  80304
Tel. (303) 953-0863
kara@kwelaw.com

Attorneys for Plaintiff John Meggs